UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WANDA KELLY, ET AL.                                        CIVIL ACTION

VERSUS                                                            NO. 23-315

HOMEDICS, INC., ET AL.                              SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1]  Defendants oppose

the motion.[2]  For the following reasons, the Court grants the motion.

## I.      BACKGROUND

Plaintiffs brought this action in state court on May 17, 2022, to recover

damages for injuries plaintiff Kenneth Kelly allegedly sustained from the

"Bubble Bliss Elite Footbath," a portable foot bathing machine manufactured

by defendant HoMedics, Inc.[3]  Plaintiffs allege that defendant Marlene

Willis, a home health care attendant and employee of defendant Divine

Purpose Homecare, L.L.C. ("Divine Purpose"), used the defective product to

soak Kelly's feet during a home visit, at which point the machine overheated

---

[1]      R. Doc. 22.
[2]      R. Doc. 23.
[3]      R. Doc. 1-2.

and caused severe burns to both of plaintiff's feet.[4]   As a result of complications from the burns, Kelly underwent a double amputation of his feet, requiring hospitalization and rehabilitative care.[5]  Kelly has since passed away allegedly because of the injuries caused by the incident at issue.[6]

Defendant FKA Distributing Company, L.L.C. ("FKA Distributing"), removed the action on January 25, 2023, based on diversity jurisdiction.[7]  On October 10, 2023, plaintiffs moved to file an amended complaint naming Alphacare Support Coordination, L.L.C. ("Alphacare") as an additional defendant.[8]  Plaintiffs' proposed amended pleading alleged that Alphacare is a Louisiana limited liability company ("L.L.C."), with its principal place of business in St. Bernard Parish, Louisiana.[9]   Because the citizenship of an L.L.C. for diversity purposes "is determined by the citizenship of all its members," the Court found that plaintiffs had failed to sufficiently allege the citizenship of Alphacare.[10]   Accordingly, the Court denied the motion to amend and instructed plaintiffs to file a new motion with a proposed

---

[4]    *Id.*
[5]    *Id.*
[6]    R. Doc. 21 ¶ 16.
[7]    R. Doc. 1.
[8]    R. Doc. 17.
[9]    R. Doc. 17-1.
[10]   R. Doc. 18.

amended complaint that properly alleged the citizenship of the parties, including all named plaintiffs and Alphacare.[11]

On October 12, 2023, plaintiffs filed a second motion to amend the complaint.[12]  Plaintiffs' revised pleading alleged that Alphacare is a Louisiana L.L.C. whose sole member is Vandell Cobb, a resident of New Orleans, Louisiana.[13]  The pleading further alleged that five individual plaintiffs are citizens of Louisiana.[14]   Plaintiffs' motion to amend further stated that counsel for FKA Distributing, Carl Griffin, consented to the motion.[15]  Having found the citizenship of the parties properly alleged, the Court granted the motion to amend as unopposed.[16]

Plaintiffs now move to remand the action to state court.[17]   Plaintiffs contend that the amended complaint deprives the Court of subject matter jurisdiction by virtue of its addition of a non-diverse defendant, Alphacare.[18]  In opposition, FKA Distributing concedes that the addition of Alphacare destroys diversity jurisdiction, but it argues that the amended complaint is

---

[11]    *Id.*
[12]    R. Doc. 19.
[13]    R. Doc. 19-1 ¶ 8.
[14]    *Id.* ¶¶ 1-7.
[15]    R. Doc. 19.
[16]    R. Doc. 20.
[17]    R. Doc. 22.
[18]    R. Doc. 22-1.

improper because it was made to defeat diversity jurisdiction and is dilatory.[19]

The Court considers the parties' arguments below.

## II.    LAW AND DISCUSSION

### A.    Amendment was Proper

As a preliminary matter, the Court notes that FKA Distributing consented to plaintiffs' motion to amend their complaint to add non-diverse defendant, Alphacare.[20]  FKA Distributing had the opportunity to object to the amendment when plaintiffs filed their motion to amend, but it declined to do so.  Now, after the Court granted the amendment, and plaintiffs filed their motion to remand, FKA Distributing raises for the first time its concerns about the amended pleading.[21]  The Fifth Circuit, in considering the fraudulent joinder doctrine, has stated that a defendant may not wait until after the court permits amendment to "assert fraudulent joinder in an effort to reinstate complete diversity."  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-72 (5th Cir. 2009).  Instead, the "diverse defendant can argue that a post-removal joinder is improper *before* the court grants the plaintiff leave to

---

[19]    R. Doc. 23.
[20]    R. Doc. 19.
[21]    *See generally* R. Doc. 23.

amend." *Id.* at 171 (emphasis in original) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)). But "once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, 'the court loses subject matter jurisdiction,' and remand is required." *Id.* (quoting *Cobb*, 186 F.3d at 678). By analogy, this reasoning applies here. FKA Distributing should have raised its objections before the Court granted plaintiffs leave to amend their complaint. Alternatively, it should have sought vacatur of the Court's order granting amendment. *See id.* at 172 (noting that the defendant "neither timely apprised the court [of its objections to joinder] nor sought vacatur"). FKA Distributing took neither course of action, and, thus, its objections to the amendment are untimely and improperly raised.

Nevertheless, even if FKA Distributing's objections were timely brought, the Court finds the amendment proper. Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has strictly followed this rule, stating that "leave to amend should be granted liberally." *Robertson v. Plano City of Tex.*, 70 F.3d 21, 22 (5th Cir. 1995). But when an amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides that, "[i]f

5

after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."   28 U.S.C. § 1447(e).

A district court must use its discretion in deciding whether to allow a non-diverse defendant to be added under § 1447(e).   *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  In exercising its discretion, the court should scrutinize an amendment seeking to add a non-diverse party "more closely than an ordinary amendment."  *Id.*  In *Hensgens v. Deere & Co.*, the Fifth Circuit held that "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.*   These factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiffs have been dilatory in requesting an amendment; (3) whether the plaintiffs will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.   *Id.*   If, after balancing these factors, the Court finds it appropriate to permit the addition of the nondiverse party, it must remand the action for lack of diversity jurisdiction.  *Id.*

6

The Court finds that the majority of the *Hensgens* factors weigh in favor of allowing plaintiffs to amend the complaint to add Alphacare as a defendant. In examining the first factor, courts have considered whether the plaintiff knew the identity of the non-diverse defendant before removal, and whether the plaintiff sought to add the non-diverse defendant shortly after removal but before any additional discovery, both of which suggest that the purpose of the amendment is to destroy diversity jurisdiction. *See, e.g.*, *G & C Land v. Farmland Mgmt. Servs.*, 587 F. App'x 99, 103 (5th Cir. 2014) (per curiam) (affirming district court's decision to deny leave to amend when, among other things, the plaintiff "was aware of the identities and activities of the non-diverse defendants before it filed suit in state court"); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 563-64 (W.D. Tex. 2012) (finding that plaintiff had apparent knowledge of the facts supporting the non-diverse defendant's alleged liability from the beginning of the litigation and that plaintiff's delay in attempting to add this defendant "appear[ed] to be purely for the purpose of defeating diversity jurisdiction"); *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889-90 (S.D. Tex. 2010) ("[A] plaintiff seeking to add a nondiverse defendant shortly after removal, but prior to any additional discovery, is further indication that the amendment is sought for the purpose of defeating diversity." (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th

7

Cir. 1999))).   Conversely, courts have concluded that when the "plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction."   *See Schindler v. Charles Schwab & Co.*, No. 05-82, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005).

In this case, it is uncontested that both plaintiffs and FKA Distributing were unaware of Alphacare's identity until the deposition of Amanda Wilkinson, owner of Divine Purpose, on September 18, 2023.[22].  Moreover, plaintiffs did not add Alphacare "shortly after removal, but prior to any additional discovery." *Martinez*, 701 F. Supp. 2d at 889-90.  To the contrary, amendment was sought nearly nine months after removal and following additional discovery, including Wilkinson's deposition in September 2023. And finally, plaintiffs have alleged a plausibly valid claim against Alphacare. Plaintiffs aver that Alphacare contracted with Divine Purpose to provide support coordination services and home custodial and wellness services, and that Divine Purpose, in turn, employed defendant Wallis to provide personal care attendant services to Kelly.[23]  They further allege that Alphacare is liable under the doctrine of *respondeat superior* because it "knew or had reason to

---

[22]   *Id.*
[23]   R. Doc. 21 ¶ 9.

8

know that Divine Purpose and [ ] Wallis were providing medical care and services that exceeded personal care attendant services, for which they were not qualified, licensed, or trained to provide or tender."[24]   The foregoing analysis suggests that the purpose of plaintiffs' amendment is the inclusion of the proper defendant, rather than the exclusion of federal jurisdiction. The Court therefore finds that the first *Hensgens* factor weighs heavily in favor of amendment.

The second *Hensgens* factor concerns whether plaintiffs have been dilatory in requesting the amendment. *Hensgens*, 833 F.2d at 1182.  When examining the second *Hensgens* factor, courts often look to the amount of time between the filing of the original complaint and the amendment or the amount of time between the removal and the amendment.  *See, e.g.*, *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003).  Other courts have analyzed this factor by reference to how far the litigation has progressed. *See, e.g.*, *Vincent v. East Haven Ltd. P'ship,* No. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002); *El Chico Rests., Inc. v. Aetna Cas. & Sur. Co.*, 980 F. Supp. 1474, 1485 (S.D. Ga. 1997).  Courts also look to whether a scheduling order setting trial and pretrial dates has already been

---

[24]     *Id.* ¶¶ 11, 17-19.

9

issued.  *Cf. Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 720 (W.D. Tex. 2014) ("Generally a plaintiff is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred.'" (quoting *Herzog v. Johns Manville Products Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002))).  Here, plaintiffs filed their motion to amend seventeen months after filing the original complaint and nearly ten months after removal.  Further, plaintiffs' motion was filed after the Court issued a scheduling order setting a deadline for amending pleadings of July 3, 2023, more than three months before plaintiffs filed their motion to amend.[25] Ordinarily, the timing of plaintiffs' motion would suggest that plaintiffs have been dilatory in seeking to amend their complaint.

But plaintiffs contend that they have not been dilatory because they first filed their motion on October 10, 2023, less than thirty days after taking the Wilkinson deposition that identified Alphacare's role in the case and provided the information plaintiffs needed to name Alphacare as an additional defendant.[26]  When, as here, a plaintiff first learns the identity of a non-diverse defendant during discovery, courts frequently look to the date

---

[25]    R. Doc. 15.
[26]    R. Doc. 26.

of that revelation to determine whether the plaintiff has unreasonably delayed its pursuit of amendment. *See, e.g.*, *Gary v. Women & Children's Hosp. of Del., LLC*, No. 16-cv-473, 2017 WL 3880759, at *3 (W.D. La. May 26, 2017), *aff'd sub nom.*, 745 F. App'x 228 (5th Cir. 2018) (finding no dilatory motive when plaintiff filed motion to amend shortly after deposition that revealed non-diverse defendant's identity, despite plaintiff's filing the motion eighteen months after original complaint and ten months after removal); *Deliberto v. Wyndham Canal Place, Inc.*, No. 03-3271, 2004 WL 1290774, at *3-4 (E.D. La. June 10, 2004) (finding that plaintiff had not been dilatory in seeking amendment when plaintiff promptly filed the motion after learning of non-diverse defendant's identity in a deposition, even though plaintiff filed the motion one-and-a-half years after filing suit and six months after removal, and after expiration of a court-ordered deadline for amendment). The Court finds that plaintiffs acted with reasonable diligence in filing their motion to amend following their discovery of Alphacare's role in the case at Wilkinson's deposition. Under these circumstances, good cause exists for permitting the amendment after the scheduling order deadline. *See* Fed. R. Civ. P. 16(b)(4); *Deliberto*, 2004 WL 1290774, at *4. The Court therefore finds that the second *Hensgens* factor weighs in favor of permitting amendment.

As to the third *Hensgens* factor, whether plaintiffs would be significantly injured by denying the amendment, courts often examine the financial burden imposed by forcing the plaintiffs to maintain two parallel lawsuits arising out of the same facts in two different courts. *See El Chico Rests.*, 980 F. Supp. at 1485. District courts have also noted that requiring a plaintiff to engage in such parallel litigation wastes judicial resources and may lead to inconsistent results. *Id.*; *see also Jade Marine, Inc. v. Detroit Diesel Corp.*, No. 02-2907, 2002 WL 31886726, at *2 (E.D. La. Dec. 20, 2002); *Burton v. Mentor Corp.*, No. 96-2078, 1996 WL 751063, at *2 (E.D. La. Oct. 29, 1996). The Court finds these considerations of cost, judicial efficiency, and possible inconsistency of results militate against requiring plaintiffs to prosecute two separate claims arising from the same set of facts in two different forums. Thus, the third *Hensgens* factor weighs in favor of amendment.

Finally, the Court may consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. As previously discussed, FKA Distributing consented to plaintiffs' motion to amend the complaint to add Alphacare as a defendant. FKA Distributing was dilatory in raising its objections after the Court had granted the amendment. This consideration further tips the scales towards amendment.

Accordingly, the Court finds that a balance of the *Hensgens* factors weigh in favor of allowing the amendment naming Alphacare as defendant.

## B.    The Amendment Destroys Complete Diversity

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  For diversity jurisdiction to exist, there must be complete diversity between the parties.  *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity.  *Id.* (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).  "Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state where it has its principal place of business; for an LLC, it is that of any state where its members reside." *English v. Aramark Corp.*, 858 F. App'x 115, 116 (5th Cir. 2021) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009)).

For purposes of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of removal.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830

13

(1989); *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citation omitted).  Once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  Nevertheless, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.  28 U.S.C. § 1447(c); *see also Hager v. Thomas*, No. 18-cv-139, 2019 WL 13200643, at *1 (S.D. Miss. Apr. 9, 2019) ("Federal courts are duty-bound to examine their own jurisdiction and not proceed where it is apparent that jurisdiction does not exist." (citation omitted)).

The addition of a nondiverse party is one event that defeats jurisdiction.  *Hensgens*, 833 F.2d at 1181 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  The Supreme Court has explained that, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007).  As previously discussed, a court that has permitted joinder of a non-diverse defendant must "remand the action to the State court" under § 1447(e).  28 U.S.C. § 1447(e); *see also Cobb*, 186 F.3d at 677 ("[P]ost-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19

destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

Here, plaintiffs' amended complaint deprives the Court of diversity jurisdiction under 28 U.S.C. § 1332, because defendant Alphacare, a Louisiana citizen, shares citizenship with at least five of the plaintiffs.[27]  FKA Distributing does not dispute the citizenship of these parties or that the addition of Alphacare destroys diversity.[28]  Because FKA Distributing, as the removing party, has not met its burden of showing that federal jurisdiction exists, *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), the Court finds that complete diversity no longer exists among the parties following the addition of Alphacare.  The action must be remanded for lack of subject matter jurisdiction.

---

[27]    R. Doc. 21 ¶¶ 2-4, 6-7.

[28]    R. Doc. 23 at 2 ("The amendment to add Alphacare will defeat diversity jurisdiction.").

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.  This action is REMANDED to the Civil District Court for the Parish of Orleans.


New Orleans, Louisiana, this  20th  day of November, 2023.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE